Rickner | Moskovitz

Stephanie Panousieris, Associate | (212) 300-6506 | stephanie@rmcivilrights.com

October 26, 2026

Hon. Philip M. Halpern
United States District Court Judge
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

Re: *Brown v. Doe*, 7:26-cv-08620

Your Honor:

My office represents the Plaintiff, Mr. Dwayne Brown, and writes to respectfully update the Court on the status of identifying the proper defendant in this matter and explain the reason Plaintiff has amended to name four defendant corrections officers at this juncture.

As Your Honor may recall, Plaintiff requested, and this Court endorsed, and judicial subpoena to the New York State Department of Corrections and Community Supervision ("DOCCS") for purposes of obtaining limited early discovery to facilitate joinder of the proper defendant to this action (Doc. 8–9). DOCCS' counsel's office was promptly served by email and personal service in Albany but did not respond by the October 22, 2026 return date listed on the subpoena.

After contacting the office about the lack of response, undersigned counsel received a phone call from DOCCS' counsel's office today, October 26, indicating that it could not or would not respond with a document containing the employees' pedigree information, and offered instead to produce a staffing chart with the names of staff working in the area. I explained that Plaintiff is already in possession of the relevant staffing chart, which was the document relied upon when supplying names of four potential defendants alongside the subpoena. I also explained that, without the responsive information, Plaintiff would be forced to name multiple defendants ahead of the limitations period.

Ultimately, counsel's office declined, at least for now, to provide the name(s) of any person(s) working in the intake area who fit the physical description provided, stating that it could only responded with a *document* rather than *information* in response to a subpoena, and that no document contained both the names of those who were working that day and information about their race, height, or weight. Plaintiff disagrees with this interpretation of DOCCS" responsibility to respond under Fed. R. Civ. P. 45, but is nevertheless trying to work in good faith with DOCCS' counsel's office to reach a resolution.

R|M

That said, today is expiration of the statute of limitations for Plaintiff's § 1983 claims. For this reason, Plaintiff has now amended to name all four of the officers known to him who were working in the area on the incident date to ensure that each is on notice of the lawsuit within the limitations period. In the interim, Plaintiff will hold off on serving these four defendants and first continue his efforts to work with counsel's office to identify the proper defendant with the goal of dismissing the improper parties before they are joined to suit. If these efforts are not fruitful and judicial intervention is necessary to enforce the subpoena, Plaintiff will promptly approach the Court again for its assistance.

We thank the Court for its time and consideration.

Sincerely yours,

Stephanie Panousieris
*Associate*